USDC SCAN INDEX SHEET







SEC

CROW

RYC   10/30/97   10:51
3:96-CV-01661
*20*
*P/A.*

1  JAMES L. SANDERS, CAL. BAR NO. 126291
   MICHAEL J. ST. DENIS, CAL. BAR NO. 147952
2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   333 South Hope Street, 48th Floor
3  Los Angeles, California 90071
   Telephone: (213) 620-1780
4
   FRANK J. JOHNSON, CAL. BAR NO. 174882
5  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   501 W. Broadway, 19th Floor
6  San Diego, California 92101-3505
   Telephone: (619) 338-9100
7
   Attorneys for Defendant
8  MICHAEL W. CROW

FILED
OCT 29 1997
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 96-1661 S CM |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY |
| v. | |
| MICHAEL W. CROW AND PETER F. KUEBLER, | Date: December 15, 1997<br>Time: 10:30 a.m.<br>Courtroom: Hon. Edward J. Schwartz |
| Defendants. | |



# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Michael W. Crow ("Crow") seeks an order from this Court staying the civil proceedings pending resolution or termination of criminal proceedings. Mr. Crow is one of two defendants in the within action. While no prosecution has been commenced against him, he has received written notice that he is the target of a criminal investigation being conducted by the United States Attorney's Office ("U.S. Attorney") in San Diego.

A stay is necessary to protect Mr. Crow from having to choose between asserting his Fifth Amendment right, thereby having a negative inference drawn against him in the civil trial, or waiving his Fifth Amendment privilege, thereby possibly incriminating himself for criminal purposes. Granting Mr. Crow's motion to stay will not prejudice the parties in this action. It will promote judicial economy and reduce litigation time and expense to stay the civil case pending the conclusion of the criminal proceedings.

II.

STATEMENT OF FACTS.

Mr. Crow was President and Chairman of the Board of Wilshire Technologies, Inc. ("Wilshire") from November 1990 through March 1994. Mr. Crow was also a member of the Wilshire Board of Directors from approximately November 1990 through September 1994. During the relevant period of time, Wilshire developed, manufactured and marketed various products including medical clean room products and transdermal drug delivery products.

In 1994 the Securities and Exchange Commission ("SEC") began an investigation of Mr. Crow. The investigation focused on allegations concerning four specific instances of "misconduct" which purportedly took place during Mr. Crow's employment with Wilshire. The investigation focused on whether Mr. Crow and others (a) caused the company to overstate earnings in the second, third and fourth quarters of 1993 and for fiscal year 1993; (b) issued misleading press releases; and (c) caused the company to file misleading financial reports with the SEC. In addition, the investigation focused on whether Mr. Crow traded shares of Wilshire in November 1993 while in possession of insider information. After conducting its investigation for two years, the SEC filed its Complaint with this Court on or about September 24, 1996 and subsequently amended the Complaint on or about October 31, 1996.

On or about April 8, 1996, Mr. Crow received a letter from the U.S. Attorney informing him that he is the target of a

criminal investigation by the U.S. Attorney arising out of the same facts involved in the SEC's Complaint.[1] On October 27, 1997, the U.S. Attorney's Office orally verified that its investigation of Mr. Crow was still ongoing. See, Sanders Decl., ¶ 3.

Despite having received a "target letter" from the U.S. Attorney, Mr. Crow has been diligent in conducting his defense in the civil SEC case. As a part of the discovery in the civil case, Mr. Crow and the SEC have conducted approximately 35 days of depositions in eight different states. As of the date of the hearing of this motion, it is anticipated that all written discovery will be completed except the exchange of expert reports, and the parties anticipate that all percipient witness depositions will have been taken except those of Messrs. Kuebler[2] and Crow. Messrs. Kuebler and Crow's depositions are set for December 11 and 16, respectively.

---

[1] See Exhibit "A" to the Declaration of James L. Sanders ("Sanders Decl.").

[2] Peter F. Kuebler was Vice President, Secretary and Chief Financial Officer of Wilshire from approximately November 1992 through March 1994. Mr. Kuebler is the only other defendant named in the SEC's civil action.

## III.

## AN ORDER STAYING THE CIVIL ACTION
## UNTIL CONCLUSION OF THE CRIMINAL PROCEEDINGS
## IS PROPER IN THIS CASE

It is well-established that courts have the discretion to stay proceedings in one suit until a decision has been made in another case involving the same matter and parties. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979), cert. denied, 444 U.S. 827 (1979).

A stay of proceedings is particularly appropriate to avoid conflict with an ongoing criminal investigation (see *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1202-04 (Fed. Cir. 1987) (citing *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), cert. denied 449 U.S. 993 (1980)) or to protect defendants from having to choose between asserting their Fifth Amendment rights, thereby having a negative inference drawn against them in the civil case, or waiving their Fifth Amendment privilege, thereby possibly incriminating themselves for criminal purposes. (See, e.g., *National Discount Corp. v. Holzbaugh*, 13 F.R.D. 236, 237 (E.D. Mich. 1952).)

"[A] court may decide in its discretion to stay civil proceedings [or] , postpone civil discovery . . . 'when the interests of justice seem (_) to require such action, . . .

sometimes at the request of the defense.'" Securities and Exchange Commission v. Dresser Indus., 628 F.2d 1368, 1374 (D.C. Cir. 1980), cert. denied 449 U.S. 993, 101 S.Ct. 529 (1980) (quoting United States v. Kordel, 397 U.S. 1, 12, n. 27, 90 S.Ct. 763 (1970)). If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it (citations omitted)." Id. at p. 1375.

The Ninth Circuit has held that the decision to grant a stay is discretionary and the judge should consider "the extent to which the defendant's fifth amendment rights are implicated" Federal Savings and Loan Ins. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989), plus five factors:

(1) The interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) The burden which any particular aspect of the proceeding may impose on defendants;

(3) The convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4) The interests of persons not parties to the civil litigation; and

(5) The interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1994). For all the reasons set forth below, an order staying the civil action until conclusion of the criminal proceedings is proper in this case.

A. **There Is No Prejudice To The SEC In Staying This Action.**

A stay of the civil action will not prejudice the SEC. First, the stay is for a limited period of time. The statute of limitations on the criminal proceedings expires in March 1999. Thus, the present stay is not for an indefinite period, but for only fifteen months from the hearing of this motion.

Second, the traditional concerns that witnesses will forget facts, pass away or otherwise be unavailable for trial at the expiration of the stay are not present here. The parties have been engaged in extensive discovery and have identified approximately twenty-six prospective witnesses. As of the date of the hearing of this motion, the parties anticipate that all but two will have been deposed (Messrs. Kuebler and Crow are the remaining two witnesses). Almost half of those witnesses are outside the jurisdiction of this Court -- thus, will be testifying by way of their deposition transcripts. The SEC will not be prejudiced by the loss of witnesses' ability to recall facts, recollect events or unavailability at the time of trial.

Finally, a stay of this action will prevent the civil action, including anticipated trial, from interfering with the ongoing criminal proceeding.

B. **Failure To Grant The Stay Will Have A Detrimental Effect On Mr. Crow.**

As noted above, the prejudice Mr. Crow will face absent the grant of the stay is significant. The SEC has noticed Mr. Crow's deposition for December 16, 1997. The pending criminal proceedings will force him to invoke his Fifth Amendment privilege during the deposition, depriving him of an opportunity to testify on his own behalf. By asserting his Fifth Amendment right during his deposition, Mr. Crow will have a negative inference drawn against him in the civil case during the trial, even if he subsequently decides to testify at trial on his own behalf. Should the matter go to trial prior to the resolution of the criminal proceeding, and Mr. Crow continues to invoke his Fifth Amendment privilege, it may be impossible for him to defend himself at trial.

By the same token, it is well-settled that defendants in a criminal case should be protected from the possibility of having a basis for their defense exposed in connection with the litigation of a civil action. See, e.g., London v. Patterson, 463 F.2d 95, 98 (9th Cir. 1972), cert. denied 411 U.S. 906 (1973); United States v. Kordel, 397 U.S. 1, 11, 90 S.Ct. 763 (1970). In an effort to avoid a negative inference and to defend himself during the civil litigation, Mr. Crow is being forced by the government into

disclosing his defense to the criminal proceeding **prior** to the determination by the U.S. Attorney whether charges should be brought against him.

The government's actions in this instance are at a minimum an indirect invasion of Mr. Crow's constitutional rights. When weighing the interests of the SEC in proceeding with this case against Mr. Crow's interest in staying the matter pending resolution of the criminal proceedings, the scale clearly tips in favor of Mr. Crow.

C. <u>The Interests Of The Court, Persons Not Parties To This Action And The Public Would Be Best Served By Granting The Stay.</u>

It is well settled that a prior criminal conviction will operate as an estoppel in a subsequent civil proceeding as to those issues that were determined in the criminal matter. <u>See</u>, <u>e.g.</u>, <u>Emich Motors Corp. v. General Motors Corp.</u>, 340 U.S. 558, 568-569, 71 S.Ct. 408 (1951). Thus, a stay of the civil proceeding might eventually enable the Court to take advantage of the doctrine of collateral estoppel thus shortening trial time if the criminal proceedings result in a criminal conviction or plea.

Moreover, the civil proceeding was initially filed on or about September 24, 1996. Thus, the stay pending resolution of the criminal proceeding will not unduly compromise the Court's efforts to actively manage its calendar and dispose of civil cases in an efficient and timely manner.

Finally, there has been virtually no media attention given to this case and the stay will not be detrimental to public confidence in the SEC's enforcement of its regulations. Likewise, there are no "interested" persons that will be affected by granting the stay. The public's interest in the efficient resolution of litigation (coupled with that of the Court's) is not unnecessarily impaired by the stay.

IV.

CONCLUSION

For the foregoing reasons, defendant Crow respectfully requests that this Court grant his motion to stay the civil proceedings until the conclusion of the federal criminal investigation by the San Diego United States Attorney's Office.

Dated: October 28, 1997

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
JAMES L. SANDERS

Attorneys for Defendant
MICHAEL CROW