USDC SCAN INDEX SHEET










RYC   7/24/98   15:42
3:96-CV-01661   SEC V. CROW
*33*
*JGM.*

ELAINE M. CACHERIS, Cal. Bar # 101605
SANDRA J. HARRIS, Cal. Bar # 134153
JAMES A. HOWELL, Cal. Bar # 92721
AIMEE DOMINGUEZ SILVERS, Cal. Bar # 145106

Attorneys for Plaintiff
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
(213) 965-3998



FILED APR 16 1998

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>      Plaintiff,<br><br>  vs.<br><br>MICHAEL W. CROW AND<br>PETER F. KUEBLER,<br><br>      Defendants. | Case No. 96-1661 S (CGA)<br><br>JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT MICHAEL W. CROW |

Plaintiff Securities and Exchange Commission ("Commission"), having filed and served upon Defendant Michael W. Crow ("Crow"), a Summons and First Amended Complaint in this matter and Crow, having admitted service upon him of the Summons and First Amended Complaint in this action and the jurisdiction of this Court over him and over the subject matter of this action; having been fully advised and informed of his right to a judicial determination of this matter; having waived the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having consented to the entry of this Judgment of Permanent Injunction and Other Relief Against Defendant Michael W. Crow

("Judgment") and without admitting or denying the allegations in the First Amended Complaint, except as specifically set forth in the Consent of Defendant Michael W. Crow to Entry of Judgment of Permanent Injunction and Other Relief ("Consent"); and it appearing that no notice of hearing upon the entry of this Judgment being necessary; and the Court being fully advised in the premises, and there being no just reason for delay:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Crow and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    to employ any device, scheme of artifice to defraud, or

    B.    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading, or

    C.    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]

//

//

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security;

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly,

|   | filing or causing the filing of required periodic reports |
|---|---|
|   | with the Commission containing untrue statements of |
|   | material fact and omitting to state material facts |
|   | required to be stated or necessary in order to make the |
|   | statements made, in light of the circumstances under which |
|   | they were made, not misleading; |

in violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20 & 240.13a-13].

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly:

A. causing the failure to make and keep accurate books, records and accounts which, in reasonable detail, accurately and fairly reflect financial transactions and disposition of assets;

B. directly, or indirectly, falsifying, or causing to be falsified books, records or accounts subject to Section 13(b)(2)(A) of the Exchange Act;

C. directly or indirectly, making or causing to be made, or causing another person to omit to state, materially false or misleading statements, or omitting to state material facts in order to make statements made, in light of the circumstances under which such statements were made, not

misleading to accountants in connection with (1) an audit
or examination of financial statements required to be made
pursuant to the Exchange Act regulations, or (2) the
preparation or filing of reports or documents required to
be filed with the Commission pursuant to Exchange Act
regulations or otherwise;

in violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] and Rules 13b2-1 and 13b2-2 thereunder [17 C.F.R. §§ 240.13b2-1 & 240.13b2-2].

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow and his
agents, servants, employees and attorneys, and all persons
in active concert or participation with any of them, who
receive actual notice of this Judgment, by personal
service or otherwise, and each of them, are permanently
restrained and enjoined from, directly or indirectly,
failing, or causing the failure, to maintain a system of
internal accounting controls sufficient to provide
reasonable assurances that financial statements are
prepared in conformity with Generally Accepted Accounting
Principles;

in violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)].

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 78t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], is permanently barred from acting as an officer or director of any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o].

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow shall, during the pendency of this action, provide all documents in his possession, custody or control to the Commission and disclose under oath all information with respect to his activities and the activities of others about which the Commission or its staff may inquire or request. Such production of documents and disclosure of information by Crow shall be made upon reasonable notice in writing and without the service of a subpoena and subject only to the good faith assertion of any privileges recognizable pursuant to the provisions of Rule 501 of the Federal Rules of Evidence or the United States Constitution and amendments thereto.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow shall, during the pendency of this action against any defendant, he will remain subject to the discovery provisions of the Federal Rules of Civil Procedure which apply to parties, and, in addition, agrees and undertakes that he will appear without the service of a subpoena to testify as a witness at the trial of this action or at any related proceeding.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of the Consent filed concurrently with this Judgment are

incorporated herein with the same force and effect as if fully set forth herein and that Crow shall comply with his Consent.

X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow shall pay disgorgement in an amount of $1,248,444. Crow shall further pay prejudgment interest on the amount of the disgorgement in the sum of $225,773. The prejudgment interest is calculated pursuant to U.S.C. Section 1961. The Court will not require Crow to pay such disgorgement based upon the accuracy and completeness of Crow's representations concerning a transfer of stock pursuant to his settlement of a class action lawsuit, <u>In re: Wilshire Technologies Securities Litigation</u>, U.S. Dist. Crt., So. Dist. of Cal., File No. 94-0400-B (AJB). Crow has surrendered 800,000 free trading shares of common stock in Advanced Materials Group, Inc. ("AMG") in settlement of the above-mentioned class action. As of January 30, 1998, the AMG stock was listed in National Quotation Service Pink Sheets at a bid price of $3.50 per share. At this value, Crow has surrendered $2,800,000 worth of AMG stock. This amount is in excess of the disgorgement and prejudgment interest that is imposed by the Court herein.

XI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if at any time following the entry of this Judgment, the Commission obtains information indicating that Crow's representations to the Commission concerning his settlement of the class action lawsuit are fraudulent, misleading, inaccurate or incomplete, or if Crow has failed to cause the transfer of 800,000 free trading shares of AMG stock to settle the class action lawsuit, the Commission may, at its

sole discretion and without prior notice to Crow, petition the Court to vacate any portion of the Judgment and seek a Judgment of disgorgement. In connection with any such petition, the only issue shall be whether the information provided by Crow was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Crow to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Judgment, and the Commission may also request additional discovery. Crow, may not by way of defense to such petition, challenge the allegations in the First Amended Complaint filed by the Commission or that the payment of $1,248,444 in disgorgement, plus prejudgment interest should not be ordered.

XII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes including determining the liability of any remaining defendants in this action, implementing and carrying out the terms of the Judgment and all other orders and decrees which have been and may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to grant such other relief as the Court may deem necessary and just.

//
//
//
//
//

| | |
|---|---|
|  1 | * * * * * * * * * |
|  2 | There being no just reason for delay, the Clerk of the Court is |
|  3 | hereby directed, pursuant to Rule 54(b) of the Federal Rules of |
|  4 | Civil Procedure, to enter this Judgment forthwith. |

Dated this _____ day of APR 15 1998, 1998

*[signature]*

United States District Judge

## PROOF OF SERVICE BY MAIL

I, Magnolia M. Marcelo, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years and not a party to the within action. My business address is 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036, which is located in the county in which the within-mentioned mailing occurred. I am readily familiar with the practice at my place of business for the collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

On April 14, 1998, I served the following document:

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT MICHAEL W. CROW**

by placing a true and correct copy in a separate envelope for each addressee named below, with the name and address of the persons served shown on the envelope as follows:

SEE ATTACHED SERVICE LIST

and by sealing the envelope and placing it in the appropriate location at my place of business for collection and mailing with postage fully prepaid in accordance with ordinary business practice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 14, 1998, at Los Angeles, California.

*Magnolia M. Marcelo*
Magnolia M. Marcelo

**SEC v. Michael W. Crow and Peter F. Kuebler**
Case No. CV-96-1661 S (CGA)
United States District Court - Southern District of California
LA-734

**SERVICE LIST**
**April 14, 1998**


James L. Sanders, Esq.  **Counsel to Defendant Michael W. Crow**
Thomas M. Brown, Esq.
Michael St. Denis, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
TEL: (213) 620-1780
FAX: (213) 620-1398

Peter F. Kuebler  **Pro Se Defendant**
616 Crest Drive
Encinitas, California 92024
TEL: (619) 753-9170
TEL: (619) 597-3940

David Wiechert, Esq.  **Courtesy Copy**
650 Town Center Drive, Suite 1900
Costa Mesa, California 92626
TEL: (714) 755-8075
FAX: (714) 557-9655