USDC SCAN INDEX SHEET

















RYC    7/24/98    15:33
3:96-CV-01661    SEC V. CROW
*34*
*NTCF.*

)[ːGINAL

FILED

APR 16 1998

CLERK, U.S. DISTRICT

1 | ELAINE M. CACHERIS, Cal. Bar # 101605
  | SANDRA J. HARRIS, Cal. Bar # 134153
2 | JAMES A. HOWELL, Cal. Bar # 92721
  | AIMEE DOMINGUEZ SILVERS, Cal. Bar # 145106
3 |
  | Attorneys for Plaintiff
4 | Securities and Exchange Commission
  | 5670 Wilshire Boulevard, 11th Floor
5 | Los Angeles, California  90036-3648
  | (213) 965-3998
6 |
7 |
8 |                 **UNITED STATES DISTRICT COURT**
9 |                 **SOUTHERN DISTRICT OF CALIFORNIA**
10 |
11 | SECURITIES AND EXCHANGE COMMISSION | Case No. 96-1661 (CGA)
12 |          Plaintiff,                | CONSENT OF DEFENDANT MICHAEL W.
   |                                    | CROW TO ENTRY OF JUDGMENT OF
13 |     vs.                            | PERMANENT INJUNCTION AND OTHER
   |                                    | RELIEF
14 | MICHAEL W. CROW AND
   | PETER F. KUEBLER,
15 |
   |          Defendants.
16 |
17 |
18 |      Defendant Michael W. Crow ("Crow"), without admitting or

19 | denying any of the allegations of the First Amended Complaint in

20 | this action, except as specifically set forth herein, consents to

21 | the entry of a Judgment of Permanent Injunction and Other Relief

22 | Against Michael W.  Crow ("Judgment"), in the form attached hereto

23 | as Exhibit 1, enjoining him from future violations Section 17(A) of

24 | the Securities Act of 1933 (the "Act") [15 U.S.C. § 77q] and

25 | Sections 10(b), 13(a), and 13(b)(2)(A) & (B) of the Securities

26 | Exchange Act of 1934 ("Exchange Act")  [15 U.S.C. §§ 78j(b), 78m(a),

27 | 78m(b)(2)(A) &, 78m(b)(2)(B), and Rules 10b-5, 12b-20, 13a-13, 13b2-

28 | 1 and 13b2-2 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20,

34

240.13a-13, 240.13b-2-1, & 240.13b-2-2], and providing for other relief. Defendant Crow, for purposes of this Consent of Defendant Crow to Entry of Judgment of Permanent Injunction and Other Relief ("Consent"), consents, admits, acknowledges, represents, understands, waives, and agrees as follows:

1. Crow admits service upon him of the Summons and First Amended Complaint in this action.

2. Crow admits the jurisdiction of this Court over him and over the subject matter of this action.

3. Crow acknowledges having been fully advised and informed of his right to a judicial determination of this matter.

4. Crow waives the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure.

5. Crow voluntarily consents to the entry of the Judgment and represents that no tender, offer, promise or threat of any kind whatsoever has been made by the Securities and Exchange Commission ("Commission") or any member, officer, agent or representative thereof to induce it to so consent.

6. Crow agrees that, during the pendency of this action against any defendant, he will remain subject to the discovery provisions of the Federal Rules of Civil Procedure which apply to parties, and, in addition, agrees and undertakes that he will appear without the service of a subpoena to testify as a witness at the trial of this action or at any other related proceedings.

7. Crow agrees to the entry of an injunction permanently barring him, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 78t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], from serving as an officer or director of any issuer

that has a class of securities registered pursuant to Section 12 of
the Exchange Act or that is required to file reports pursuant to
Section 15(d) of the Exchange Act.

8. Crow acknowledges that the Court is not imposing
$1,248,444 in disgorgement, plus prejudgment interest in the sum of
$225,773, based upon the accuracy and completeness of Crow's
representations concerning a transfer of stock pursuant to his
settlement of a class action lawsuit, <u>In re: Wilshire Technologies
Securities Litigation</u>, U.S. Dist. Crt., So. Dist. of Cal., File No.
94-0400-B (AJB). Crow represents that he surrendered his beneficial
ownership of 800,000 shares of common stock in Advanced Materials
Group, Inc. ("AMG") in settlement of the above mentioned class
action. As of January 30, 1998, the AMG stock was listed in the
National Quotation Service Pink Sheets at a bid price of $3.50 per
share. At this price, Crow surrendered $2,800,000 worth of AMG
common stock to settle the class action. This amount is in excess
of the disgorgement and prejudgment interest that could be imposed
by the Court in this action. Crow further consents that if at any
time following the entry of this Judgment the Commission obtains
information indicating that Crow's representations to the Commission
concerning his settlement of the class action lawsuit were
fraudulent, misleading, inaccurate or incomplete in any material
respect as of the time such representations were made, the
Commission may, at its sole discretion and without prior notice to
Crow, petition this Court to vacate any portion of the Judgment and
seek a Judgment of disgorgement. In connection with any such
petition, the only issue shall be whether the information provided
by Crow was fraudulent, misleading, inaccurate or incomplete in any

material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Crow to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Judgment, and the Commission may also request additional discovery. Crow, may not by way of defense to such petition, challenge the validity of the Consent or the Judgment, contest the allegations in the First Amended Complaint filed by the Commission or that the payment of the $1,248,444 in disgorgement, plus prejudgment interest should not be ordered.

9.    Crow acknowledges and agrees that this proceeding and his consent to the entry of the Judgment are for the purposes of resolving this civil proceeding only, in conformity with provisions of 17 C.F.R. § 202.5(f), and do not resolve, affect or preclude any other proceeding which may be brought against Crow.

10.    Consistent with the provisions of 17 C.F.R. § 202.5(f), Crow waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty.

11.    Crow admits that the Judgment entered in accordance with this Consent complies with Rule 65(d) of the Federal Rules of Civil Procedure and that he has been advised and understands that the Court may adjudge him in civil or criminal contempt if he commits any violation of any provision of the Judgment entered pursuant to this Consent.

12.    Crow understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying

the allegations in the complaint or order for proceedings" (17
C.F.R. § 202.5(e)). In compliance with this policy, Crow agrees:
(i) not to take any action or to make or permit to be made any
public statement denying, directly or indirectly, any allegation in
the First Amended Complaint or creating the impression that the
First Amended Complaint is without factual basis; and (ii) that upon
filing of this consent, Crow hereby withdraws any papers filed in
this action to the extent that they deny any allegation in the First
Amended Complaint. If Crow breaches this agreement, the Commission
may petition the Court to vacate the Judgment and restore this case
to its active docket. Nothing in this provision affects Crow's
testimonial obligations or right to take legal positions in
litigation in which the Commission is not a party.

13. Crow waives any right he may have to appeal from the
Judgment.

14. Crow hereby agrees that the Judgment in the form attached
hereto as Exhibit 1, and incorporated herein by reference, may be
presented by the Commission to the Court for signature and entry
forthwith and without further notice.

15. Crow hereby acknowledges that he will accept service of a
copy of the Judgment and will acknowledge receipt thereof in
writing.

16. Crow hereby agrees that this Court shall retain
jurisdiction over this action for all purposes including determining
the liability of any remaining defendants in this action,
implementing and carrying out the terms of the Judgment and all
other orders and decrees which have been and may be entered herein,
to resolve the Commission's pending claims for disgorgement,

1 prejudgment interest and civil penalties as appropriate, to

2 entertain any suitable application or motion for additional relief

3 within the jurisdiction of this Court, and to grant such other

4 relief as the Court may deem necessary and just.

5     15.  Crow hereby agrees that the Consent may be annexed to, and

6 made a part of, the Judgment filed simultaneously herewith.

7     16.  Crow represents that he has read this Consent before

8 signing it.

9

10 DATED: _____3/18_____, 1998

11

12                       By: _____

13                          Michael W. Crow

14

15

16 Approved as to Form and Content:

17

18 _____

19 James L. Sanders
Attorney for Defendant
Michael W. Crow

20

21

22

23

24

25

26

27

28

ELAINE M. CACHERIS, Cal. Bar # 101605
SANDRA J. HARRIS, Cal. Bar # 134153
JAMES A. HOWELL, Cal. Bar # 92721
AIMEE DOMINGUEZ SILVERS, Cal. Bar # 145106

Attorneys for Plaintiff
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California  90036-3648
(213) 965-3998

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | Case No. 96-1661 S (CGA) |
| Plaintiff, | JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT MICHAEL W. CROW |
| vs. | |
| MICHAEL W. CROW AND PETER F. KUEBLER, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission"),
having filed and served upon Defendant Michael W. Crow ("Crow"), a
Summons and First Amended Complaint in this matter and Crow, having
admitted service upon him of the Summons and First Amended Complaint
in this action and the jurisdiction of this Court over him and over
the subject matter of this action; having been fully advised and
informed of his right to a judicial determination of this matter;
having waived the entry of findings of fact and conclusions of law
as provided by Rule 52 of the Federal Rules of Civil Procedure;
having consented to the entry of this Judgment of Permanent
Injunction and Other Relief Against Defendant Michael W. Crow

1 ("Judgment") and without admitting or denying the allegations in the
2 First Amended Complaint, except as specifically set forth in the
3 Consent of Defendant Michael W. Crow to Entry of Judgment of
4 Permanent Injunction and Other Relief ("Consent"); and it appearing
5 that no notice of hearing upon the entry of this Judgment being
6 necessary; and the Court being fully advised in the premises, and
7 there being no just reason for delay:

8                                    I.

9      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Crow and his
10 agents, servants, employees and attorneys, and all persons in active
11 concert or participation with any of them, who receive actual notice
12 of this Judgment, by personal service or otherwise, and each of
13 them, are permanently restrained and enjoined from, directly or
14 indirectly, by the use of any means or instrumentality of interstate
15 commerce, or of the mails, or of any facility of any national
16 securities exchange:

17      A.   to employ any device, scheme of artifice to defraud, or
18      B.   to obtain money or property by means of any untrue
19 statement of a material fact or any omission to state a material
20 fact necessary in order to make the statements made, in light of the
21 circumstances in which they were made, not misleading, or
22      C.   to engage in any transaction, practice, or course of
23 business which operates or would operate as a fraud or deceit upon
24 the purchaser;
25 in violation of Section 17(a) of the Securities Act of 1933 [15
26 U.S.C. § 77q(a)]
27 //
28 //

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A.    employing any device, scheme, or artifice to defraud;

B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security;

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly,

1     filing or causing the filing of required periodic reports
2     with the Commission containing untrue statements of
3     material fact and omitting to state material facts
4     required to be stated or necessary in order to make the
5     statements made, in light of the circumstances under which
6     they were made, not misleading;
7  in violation of Section 13(a) of the Exchange Act [15 U.S.C. §
8  78m(a)] and Rules 12b-20 and 13a-13 thereunder [17 C.F.R. §§
9  240.12b-20 & 240.13a-13].

10                              IV.

11     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow and his
12     agents, servants, employees and attorneys, and all persons
13     in active concert or participation with any of them, who
14     receive actual notice of this Judgment, by personal
15     service or otherwise, and each of them, are permanently
16     restrained and enjoined from, directly or indirectly:
17  A.  causing the failure to make and keep accurate books,
18     records and accounts which, in reasonable detail,
19     accurately and fairly reflect financial transactions and
20     disposition of assets;
21  B.  directly, or indirectly, falsifying, or causing to be
22     falsified books, records or accounts subject to Section
23     13(b)(2)(A) of the Exchange Act;
24  C.  directly or indirectly, making or causing to be made, or
25     causing another person to omit to state, materially false
26     or misleading statements, or omitting to state material
27     facts in order to make statements made, in light of the
28     circumstances under which such statements were made, not

96-CV-1661 S (CGA)
CROW JUDGMENT

Exhibit____1____ Page___10___

1    misleading to accountants in connection with (1) an audit

2    or examination of financial statements required to be made

3    pursuant to the Exchange Act regulations, or (2) the

4    preparation or filing of reports or documents required to

5    be filed with the Commission pursuant to Exchange Act

6    regulations or otherwise;

7  in violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §

8  78m(b)(2)(A)] and Rules 13b2-1 and 13b2-2 thereunder [17 C.F.R. §§

9  240.13b2-1 & 240.13b2-2].

10                                V.

11       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow and his

12       agents, servants, employees and attorneys, and all persons

13       in active concert or participation with any of them, who

14       receive actual notice of this Judgment, by personal

15       service or otherwise, and each of them, are permanently

16       restrained and enjoined from, directly or indirectly,

17       failing, or causing the failure, to maintain a system of

18       internal accounting controls sufficient to provide

19       reasonable assurances that financial statements are

20       prepared in conformity with Generally Accepted Accounting

21       Principles;

22  in violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. §

23  78m(b)(2)(B)].

24                                VI.

25       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow, pursuant

26  to Section 20(e) of the Securities Act [15 U.S.C. § 78t(e)] and

27  Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], is

28  permanently barred from acting as an officer or director of any

1 | issuer that has a class of securities registered pursuant to Section
2 | 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file
3 | reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §
4 | 78o].

5 | VII.

6 | IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow shall,
7 | during the pendency of this action, provide all documents in his
8 | possession, custody or control to the Commission and disclose under
9 | oath all information with respect to his activities and the
10 | activities of others about which the Commission or its staff may
11 | inquire or request.  Such production of documents and disclosure of
12 | information by Crow shall be made upon reasonable notice in writing
13 | and without the service of a subpoena and subject only to the good
14 | faith assertion of any privileges recognizable pursuant to the
15 | provisions of Rule 501 of the Federal Rules of Evidence or the
16 | United States Constitution and amendments thereto.

17 | VIII.

18 | IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow shall,
19 | during the pendency of this action against any defendant, he will
20 | remain subject to the discovery provisions of the Federal Rules of
21 | Civil Procedure which apply to parties, and, in addition, agrees and
22 | undertakes that he will appear without the service of a subpoena to
23 | testify as a witness at the trial of this action or at any related
24 | proceeding.

25 | IX.

26 | IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions
27 | of the Consent filed concurrently with this Judgment are
28 |

1  incorporated herein with the same force and effect as if fully set
2  forth herein and that Crow shall comply with his Consent.

3                                    X.

4       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Crow shall pay
5  disgorgement in an amount of $1,248,444.  Crow shall further pay
6  prejudgment interest on the amount of the disgorgement in the sum of
7  $225,773.  The prejudgment interest is calculated pursuant to U.S.C.
8  Section 1961.  The Court will not require Crow to pay such
9  disgorgement based upon the accuracy and completeness of Crow's
10 representations concerning a transfer of stock pursuant to his
11 settlement of a class action lawsuit, In re:  Wilshire Technologies
12 Securities Litigation, U.S. Dist. Crt., So. Dist. of Cal., File No.
13 94-0400-B (AJB).  Crow has surrendered 800,000 free trading shares
14 of common stock in Advanced Materials Group, Inc. ("AMG") in
15 settlement of the above-mentioned class action.  As of January 30,
16 1998, the AMG stock was listed in National Quotation Service Pink
17 Sheets at a bid price of $3.50 per share.  At this value, Crow has
18 surrendered $2,800,000 worth of AMG stock.  This amount is in excess
19 of the disgorgement and prejudgment interest that is imposed by the
20 Court herein.

21                                   XI.

22      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if at any time
23 following the entry of this Judgment, the Commission obtains
24 information indicating that Crow's representations to the Commission
25 concerning his settlement of the class action lawsuit are
26 fraudulent, misleading, inaccurate or incomplete, or if Crow has
27 failed to cause the transfer of 800,000 free trading shares of AMG
28 stock to settle the class action lawsuit, the Commission may, at its

1  sole discretion and without prior notice to Crow, petition the Court
2  to vacate any portion of the Judgment and seek a Judgment of
3  disgorgement.  In connection with any such petition, the only issue
4  shall be whether the information provided by Crow was fraudulent,
5  misleading, inaccurate or incomplete in any material respect as of
6  the time such representations were made.  In its petition, the
7  Commission may move this Court to consider all available remedies,
8  including, but not limited to, ordering Crow to pay funds or assets,
9  directing the forfeiture of any assets, or sanctions for contempt of
10 this Judgment, and the Commission may also request additional
11 discovery.  Crow, may not by way of defense to such petition,
12 challenge the allegations in the First Amended Complaint filed by
13 the Commission or that the payment of $1,248,444 in disgorgement,
14 plus prejudgment interest should not be ordered.

15                              XII.

16     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court
17 shall retain jurisdiction over this action for all purposes
18 including determining the liability of any remaining defendants in
19 this action, implementing and carrying out the terms of the Judgment
20 and all other orders and decrees which have been and may be entered
21 herein, to entertain any suitable application or motion for
22 additional relief within the jurisdiction of this Court, and to
23 grant such other relief as the Court may deem necessary and just.
24 //
25 //
26 //
27 //
28 //

```
 1                     *   *   *   *   *   *   *   *   *

 2          There being no just reason for delay, the Clerk of the Court is

 3     hereby directed, pursuant to Rule 54(b) of the Federal Rules of

 4     Civil Procedure, to enter this Judgment forthwith.

 5

 6     Dated this _____ day of _____, 1998

 7

 8                                        _____

 9                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

<u>PROOF OF SERVICE BY MAIL</u>

I, Magnolia M. Marcelo, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years and not a party to the within action. My business address is 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036, which is located in the county in which the within-mentioned mailing occurred. I am readily familiar with the practice at my place of business for the collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

On April 14, 1998, I served the following document:

**CONSENT OF DEFENDANT MICHAEL W. CROW TO ENTRY OF JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF**

by placing a true and correct copy in a separate envelope for each addressee named below, with the name and address of the persons served shown on the envelope as follows:

SEE ATTACHED SERVICE LIST

and by sealing the envelope and placing it in the appropriate location at my place of business for collection and mailing with postage fully prepaid in accordance with ordinary business practice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 14, 1998, at Los Angeles, California.


Magnolia M. Marcelo
Magnolia M. Marcelo

**SERVICE LIST**
**April 14, 1998**


James L. Sanders, Esq.                    **Counsel to Defendant Michael W. Crow**
Thomas M. Brown, Esq.
Michael St. Denis, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA  90071
TEL:  (213) 620-1780
FAX:  (213) 620-1398


Peter F. Kuebler                          **Pro Se Defendant**
616 Crest Drive
Encinitas, California  92024
TEL: (619) 753-9170
TEL: (619) 597-3940


David Wiechert, Esq.                      **Courtesy Copy**
650 Town Center Drive, Suite 1900
Costa Mesa, California  92626
TEL:  (714) 755-8075
FAX:  (714) 557-9655