USDC SCAN INDEX SHEET










ANDY    2/21/02    15:23
3:96-CV-01661    SEC V. CROW
*44*
*O.*



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CROW, et al.,<br><br>Defendants. | CASE NO. 96-CV-1661 W (CGA)<br><br>ORDER DENYING REQUEST TO MODIFY JUDGMENT OF PERMANENT INJUNCTION |

Relying on Rule 60(b)(5) of the Federal Rules of Civil Procedure, Defendant Michael Crow ("Defendant") seeks to modify the terms of the April 16, 1998 Judgment of Permanent Injunction ("Final Judgment"). Defendant attempts to specifically eliminate the portion of the Judgment that permanently bars Defendant from serving as a public officer or director. Plaintiff Securities and Exchange Commission ("SEC") opposes. All parties are represented by counsel. The Court decides the matter on the papers submitted and without oral argument pursuant to

Civil Local Rule 7.1(d.1).

## I. BACKGROUND

The facts are well known to the parties and this Court and need only limited mention here. On September 24, 1996 the SEC filed a fraud action against Defendant Michael Crow. Specifically, the SEC alleged that Defendant, as President and Chairman of the Board of Wilshire Technologies ("Wilshire"), caused Wilshire to materially overstate its earnings, to issue materially misleading press releases and to file materially misleading periodic financial reports with the SEC. The SEC further alleged that Defendant engaged in insider trading in violation of § 17(a) of the Securities Act of 1933, § 10(b) of the Exchange Act and Rule 10b-5.

On March 18, 1998 Defendant voluntarily signed a consent decree acquiescing to the entry of a permanent injunction and other relief. Defendant agreed "not to take any action or permit to be made any public statement denying, directly or indirectly, any allegation in the First Amended Complaint or creating the impression that the First Amended Complaint is without factual basis." (*Michael Crow's Consent J. dated Apr. 16, 1998* at 5.) By order dated April 16, 1998 the Honorable Edward J. Schwartz, United States District Court, Southern District of California, entered the Final Judgment permanently enjoining Defendant, among other things, from serving as a public company's officer and director. Defendant now seeks relief from that portion of the Final Judgment.

## II. LEGAL STANDARD

Rule 60(b)(5) of the Federal Rules of Civil Procedure provides that a party may be relieved from a final judgment if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b)(5). "In order to grant a Rule 60(b)(5) motion to modify a court order, a district court must find 'a significant change either in factual conditions or in law.'" SEC v. Coldicutt, 258 F.3d 939, 942 (9th Cir. 2001) (quoting

Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992)). "Modification may be warranted when changed factual conditions make compliance with the decree substantially more onerous.... Modification is also appropriate when the decree proves to be unworkable because of unforeseen obstacles, or when enforcement of the decree without modification would be detrimental to the public's interest." Id. (internal quotations omitted).

"Relief from a court order should not be granted, however, simply because a party finds it is no longer convenient to live with the terms of the order. Id. (citation and internal quotations omitted). "A party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree." Rufo, 502 U.S. at 383.

### III. DISCUSSION

Defendant seeks to modify the Final Judgment on two grounds. First, Defendant contends that there has been "adverse, unforeseen consequences from the officer and director bar that could not have been anticipated by [Defendant]." (*Def.'s P. & A.* at 5.) Second, Defendant claims that "a recent court decision has held that a permanent officer and director bar is not appropriate in all cases." (*Id.* at 5-6.) The Court will separately discuss Defendant's arguments in turn.

#### A. DEFENDANT HAS FAILED TO SHOW A SIGNIFICANT CHANGE IN FACTUAL CONDITIONS

Defendant first argues that "unforeseen consequences" justifies the Final Judgment's modification. (*Id.* at 6.) Defendant alleges that some potential clients, business partners and investors have stated that they are unwilling to do business with his new company, Zip Direct, because of the public officer and director bar. (*Id.* at 6-7.) Defendant contends the bar inhibits Zip Direct's growth as well as its ability to hire and retain qualified individuals. (*Id.* at 7.)

However, declining business opportunities is a natural and expected consequence of a permanent public officer and director bar arising from Defendant's alleged federal securities law violations. The allegations previously presented by the SEC were anything but harmless. They suggested a highly complex and well planned scheme to defraud the investing public. The record is clear that Defendant was the subject of a major government fraud investigation which ultimately generated the permanent injunction at issue here.

Defendant clearly had the option to vigorously litigate the SEC's charges, or accept the deal tendered by the Government. The fact that Defendant has since built a successful *private* company does not somehow alter Defendant's previous involvement with a public company that ultimately generated the SEC injunction still in place here.[1] The mere fact that Defendant now claims to be inconvenienced by the bar is not by itself sufficient to warrant relief. See Coldicutt, 258 F.3d at 942 ("Relief from a court order should not be granted, however, simply because a party finds 'it is no longer convenient to live with the terms' of the order.") (quoting Rufo, 502 U.S. at 383).

Accordingly, Defendant has failed to establish that changed circumstances have made Defendant's compliance with the permanent bar unworkable because of unforeseen circumstances. See Rufo, 502 U.S. at 384 (citation omitted).

### B. DEFENDANT HAS FAILED TO SHOW A SIGNIFICANT CHANGE IN LAW

Defendant next contends that a change in law warrants the Final Judgment's modification. Specifically, Defendant maintains that "a recent court decision has held that a permanent officer and director bar is not appropriate in all cases" (*Def.'s Mem. of P. & A.* at 5-6) and "the SEC and the courts have recognized that a permanent bar order is not a mandatory remedy." (*Id.* at 9.) The Court finds Defendant's

---

[1] The Court notes that the Final Judgment did not prevent Defendant from serving as Zip Direct's principal owner, chairman and chief executive officer -- a successful private company with over 300 employees and 2,000 clients. (See *Michael Crow Decl.* ¶ 7.)

arguments unpersuasive.

Defendant cites SEC v. McCaskey, 2001 WL 1029053, at *6 (S.D.N.Y. Sept. 6, 2001) and SEC v. Sudikoff, Litigation Rel. No. 16663 (Aug. 28, 2000), *available at* http://www.sec.gov/litigation/litreleases/lr16663.html for the proposition that courts employ a "more flexible standard" in determining whether to issue a permanent bar order than in 1998 when Defendant entered into his consent decree. Defendant is wrong.

McCaskey and Sudikoff both rely on standards enumerated by the Second Circuit in SEC v. Patel, 61 F.3d 137, 141 (2d Cir. 1995). First, this Court is bound by decisions arising from the Ninth Circuit Court of Appeals and not the Second Circuit. Second, even assuming this Court were to follow the Second Circuit's reasoning identified above, Patel was decided in 1995 -- almost 3 years *before* Defendant consented to the permanent bar at issue here. Defendant's suggestion that a change in law occurred after he signed the 1998 consent decree is clearly meritless.

Furthermore, the concept that permanent bars are not mandatory remedies in securities fraud cases is a legal truism. No federal court has ever held that a permanent public officer and director bar is a mandatory remedy appropriate in all cases similar to that presented here. Accordingly, no change in law has occurred that would warrant modification. See SEC v. Coldicutt, 258 F.3d 939, 942 (9th Cir. 2000) (requiring "a significant change ... in law" for modification) (quoting Rufo, 502 U.S. at 384).

//
//

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Defendant Michael Crow's motion to modify final judgment of permanent injunction. (Doc. No. 39-1.)

**IT IS SO ORDERED.**

DATE: February 21, 2002

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES